[Civ. No. 5112.  Third Appellate District.—July 25, 1934.]

HELEN REYES, Respondent, v. MATTIE E. BOYD, Appellant.

Afue McDowell for Appellant.

Minor Blythe for Respondent.

PULLEN, P. J.—Respondent is the daughter of Amelia Boyd, now deceased. When respondent was about six years of age her mother married Edward Robert Boyd and the three thereafter lived together until respondent married Manuel Reyes, when he, too, took up his residence with Mr. and Mrs. Boyd, and from that time onward the family group consisted of Mr. and Mrs. Boyd and Mr. and Mrs. Reyes. Amelia Boyd died in November, 1930, and a few months thereafter Edward Robert Boyd married Mattie E. Boyd, appellant herein. In May, 1931, Edward R. Boyd died.

The present litigation grows out of the right to a piece of real property known as lot 4 of Southmore tract, the record title to which stood originally in the names of Amelia Boyd and Edward R. Boyd as joint tenants, and which upon the death of Amelia Boyd was vested in Edward R. Boyd and upon his death was by order of the probate court set aside to his surviving widow Mattie E. Boyd, as a probate homestead. Respondent, as plaintiff, brought this action to have it decreed that appellant Mattie E. Boyd held title in trust for her, and to quiet title therein. The trial court found plaintiff was the owner in fee of the lot in question and directed that possession be delivered to her. From this judgment Mattie E. Boyd appealed.

The amended complaint, after alleging the relationship of the various parties, continued: " . . . that during all of the life of the plaintiff, whether during her single life or married life, the said plaintiff and the said Amelia Boyd and

the said Edward Robert Boyd lived together . . . pooling money that they earned from various sources . . . ; and that the moneys that were earned by the said Edward Robert Boyd, the said Amelia Boyd and said Helen Reyes were used to accumulate the properties hereinafter mentioned; . . . with the oral understanding between said parties that on the death of the said Amelia Boyd and the death of said Edward Robert Boyd that said property hereinafter described and mentioned would become the property of said plaintiff.''

Upon the trial, based upon the foregoing complaint, the court found it to be a fact ''that the said Edward Robert Boyd, Amelia Boyd, Helen Reyes and Manuel Reyes entered into an oral agreement wherein and whereby the said Edward Robert Boyd, Amelia Boyd, Helen Reyes and Manuel Reyes should pool all their earnings from their labors and all income from the real property hereinafter mentioned for the purpose of paying off indebtedness, taxes, insurance, upkeep and payments on said real property, and for general household expenses, and that on the death of two of the said Amelia Boyd, Edward Robert Boyd and Helen Reyes, said real property hereinafter mentioned, and the improvements thereon should belong to the survivor in fee simple; that it is a fact that said Helen Reyes is the survivor. That it is a fact that on the death of the said Amelia Boyd and Edward Robert Boyd, under the said oral agreement between the said Amelia Boyd, Edward Robert Boyd, Helen Reyes and Manuel Reyes, all of said property hereinafter mentioned and the improvements thereon should become the the property of the said Helen Reyes in fee.''

Appellant urges that the judgment should be reversed because the amended complaint failed to state a cause of action, either to establish a trust or to quiet title, and that the evidence is insufficient to justify the findings and judgment.

As to the first ground for reversal, while not holding the amended complaint to be a model of pleading, we deem it sufficient to state a cause of action. It is apparent that the pleader was attempting to set up facts from which the court could establish a resulting trust. Appellant urges that the complaint is insufficient to establish a resulting trust in that it fails to allege the proportion or amount of

money invested by plaintiff. Such an allegation is not essential in the complaint here in question, for under the terms of the agreement no amount or proportion was stipulated, it reciting that all of the earnings of plaintiff should be paid into the pool, and upon the happening of the contingency the entire title was to vest in the survivor. ■ The court found "It is a fact that during the life of the said plaintiff whether married or single that said plaintiff and the said Amelia Boyd, deceased, and said Edward Robert Boyd, deceased, lived together . . . and pooled their money", and further, "the said moneys that were earned by said Edward Robert Boyd and said Amelia Boyd and Helen Reyes and Manuel Reyes were used to accumulate the real properties . . . " Such a finding may fairly be construed to be that plaintiff contributed all of her earnings to the pool.

■ Appellant also argues that the complaint fails to allege a definite contract between the parties, the allegation in the complaint being that the earnings were pooled "with the oral understanding" that upon the death of Amelia Boyd and Edward Robert Boyd the property would belong to plaintiff. It is apparent, however, that the word "understanding" was there used synonymously with the word "agreement".

■ Appellant complains of the ruling of the trial court limiting the cross-examination of a certain witness who had testified as to certain conversations. Counsel for the appellant asked for the dates of these conversations and upon refusal to indicate to the witness the particular conversation to which his attention was directed the court properly sustained an objection. Appellant, however, was not prejudiced thereby and was accorded wide latitude in her apparently purposeless cross-examination.

■ Appellant further objects because the court refused to anticipate that plaintiff, when called as a witness in her own behalf, might under certain conditions be disqualified to testify. The disqualifying condition did not arise and the plaintiff was a competent witness to all the matters to which she testified. This objection is also without merit.

■ Appellant also contends that the testimony of a certain attorney, proffered by appellant, was admissible, but the court correctly held that under the facts shown upon his *voir dire* there existed the status of attorney and client

between himself and plaintiff and the statements that were made to the witness or in his presence were privileged.

There are other citations of error, but we find no cause for complaint in the attitude or rulings of the court.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.